**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

NORCEES BEN CARRIER,

    Defendant-Appellant.

No. 98-8051

(D.C. No. 97-CV-102)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

    Defendant Norcees Ben Carrier seeks a certificate of appealability to appeal the

district court's decision denying his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence. We conclude Defendant has not made a substantial showing of the

denial of a constitutional right. Accordingly, we deny his request for a certificate of

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

appealability and dismiss the appeal.

Defendant is an inmate at FCI-Englewood where he is serving 190 months for multiple counts of sexual abuse in violation of 18 U.S.C. §§ 2244(c), 2244(a)(1) and 2244(b). After sentencing on the above counts, Defendant directly appealed to this court arguing that the district court's decision to allow testimony via a two-way closed circuit television violated the Confrontation Clause of the Sixth Amendment. We affirmed his conviction. United States v. Carrier, 9 F.3d 867 (10th Cir. 1993). Defendant then sought a writ of certiorari, which the United States Supreme Court denied. Carrier v. United States, 511 U.S. 1044 (1994).

On April 28, 1997, Defendant filed a motion pursuant to 28 U.S.C. § 2255 requesting that the district court relieve him of the remainder of his 190 month sentence. In support of his motion, Defendant restated his position that the closed circuit television testimony violated his constitutional rights and, for the first time, argued that his convictions were based on coerced confessions, that his trial counsel rendered ineffective assistance regarding pre-trial discovery matters and that he was denied proper access to the federal courts. In a clear and well-reasoned memorandum opinion, the district court denied Defendant's § 2255 motion. Defendant then requested that the district court grant a certificate of appealability so that he could appeal the court's decision. The district court denied his request. Defendant now asks us to grant the certificate of appealability and reach the merits of his appeal.

In support of his request for a certificate of appealability, Defendant essentially reiterates the arguments he raised before the district court. We have thoroughly reviewed the Defendant's brief, his application for a certificate of appealability, the district court's order, and the entire record before us. Defendant has not demonstrated that the district court's disposition of his § 2255 motion is debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (substantial showing of denial of constitutional right shown by demonstrating that: (1) issues raised are debatable among jurists; (2) an appellate court could resolve issues differently, or (3) the questions deserve further proceedings.). Thus, we conclude Defendant has not made a substantial showing of the denial of a constitutional right, DENY his request for a certificate of appealability and DISMISS the appeal. Petitioner's motion for leave to file a supplemental brief is GRANTED.

APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge